IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MAHLI, LLC**                                                                           **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 1:14cv175 KS-MTP**

**ADMIRAL INSURANCE COMPANY**                                      **DEFENDANT**

### MEMORANDUM BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY AND REPORT OF JOHN MICHAEL AGOSTI

COMES NOW the Defendant, Admiral Insurance Company ("Admiral"), by and through its attorneys of record, Hailey, McNamara, Hall, Larmann & Papale, LLP, and submits this its Memorandum Brief in Support of Motion *in Limine* to Exclude the Expert Testimony and Report of John Michael Agosti, and would show unto the Court the following:

### INTRODUCTION

Plaintiff designated Agosti to serve as an expert on the cause and origin of the October 17, 2012 fire that damaged the Howard Johnson hotel in Ocean Springs, Mississippi. Agosti's written report plainly states that he was not provided with sufficient information or data to formulate reliable opinions on the cause and origin of the fire. Agosti never inspected the site of the fire, and he reviewed only "very limited" records and photographs. Agosti's opinions therefore fails to meet the requirement of Federal Rule of Civil Procedure 702(b) and his testimony and written report should be excluded from the evidence in this case on grounds that they are unreliable.

## BACKGROUND

On October 17, 2012, the Howard Johnson hotel located at 7412 Tucker Road in Ocean Springs, Mississippi, was damaged by fire. Plaintiff Mahli, LLC ("Mahli"), the owner of the hotel, submitted a claim to Defendant, Admiral, pursuant to a policy Mahli had on the property. Admiral conducted a comprehensive investigation of the facts surrounding the fire and other aspects of the subject claim. Admiral's investigation revealed clear and convincing evidence that Surjit Singh, owner of Mahli, LLC, willfully burned the insured property. The details of this evidence are set forth in the Motion for Summary Judgment, and Memorandum Brief in support thereof, also filed this same day. Admiral accordingly denied Mahli's claim on July 9, 2013.

Mahli filed its Complaint in this case on April 21, 2014. The Court's original Case Management Order, entered August 20, 2014, setting the deadline for Plaintiff to designate its experts at December 1, 2014. The Court later extended that deadline to January 6, 2015. *See* Order, Nov. 25, 2014. On January 6, 2015, Plaintiff served its Designation of Expert Witnesses, which designated John Agosti as its fire cause and origin expert. *See* Mot. *in Limine,* Ex. A. On or about that same date, Plaintiff also provided the expert report of John Agosti, Bates-numbered Mahli Expert 000057-67. *See* Mot. *in Limine*, Ex. B, Investigation Report (Jan. 4, 2015).

The first sentence of Agosti's report states that it is a "preliminary report." *Id.* at 2. Mr. Agosti states that his report is "based on the review of very limited records and photographs…" and that he was "not afforded the opportunity to inspect the fire scene

RBT Library:1021-67669\J_S-015174_1 _1

or fire building after the fire and prior to any alteration." *Id.* at 2, 4. His report concludes:

> Based on the scientifically accepted and well documented indicators and the information provided to me at this time, it is my opinion, within a reasonable degree of fire science certainty, that I have not been provided sufficient information to scientifically conduct a proper fire origin, cause and responsibility investigation into the subject fire loss.

*Id.* at 4, 10.

## LEGAL STANDARD FOR ADMISSIBILITY OF EXPERT OPINIONS

In *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court admonished federal courts to take seriously their role as "gatekeepers" of testimony offered by expert witnesses in cases involving scientific knowledge. The Supreme Court further has held that Federal Rule of Evidence 702 "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589); *accord Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997) ("[W]hen expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case.").

In response to *Daubert* and its progeny, Federal Rule of Evidence 702 was amended to add four requirements for the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if:

3

>    (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>    (b)   the testimony is based on sufficient facts or data;
>
>    (c)   the testimony is the product of reliable principles and methods; and
>
>    (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Ultimately, the question of the reliability of expert testimony is a fact-specific inquiry. *See Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004). The proponent of the expert testimony need not prove that the expert's testimony is correct but must prove by a preponderance of the evidence that it is *reliable. See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

This Court has held that "[w]here an expert's opinion is based on insufficient information, the analysis is unreliable." *Elliot v. Amadas Indus., Inc.*, 796 F. Supp. 2d 796, 808 (S.D. Miss. 2011) (quoting *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388-90 (5th Cir. 2009) (holding that district court did not abuse its discretion by excluding expert testimony based on insufficient and/or incorrect information)). The consideration of sufficient facts by the expert "is in all instances mandatory." *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007). An expert opinion that fails to consider the relevant facts of the case is "fundamentally unsupported" and offers no help to the trier of fact. *Nebraska Plastics v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005).

## ANALYSIS

Plaintiff designated Agosti to serve as an expert on the cause and origin of the October 17, 2012 fire that damaged the Howard Johnson hotel. Agosti's report plainly

RBT Library:1021-67669\J_S-015174_1_1

states, however, that he was not provided with "sufficient information to scientifically conduct a proper fire origin, cause and responsibility investigation...." Ex. B at 4, 10. Agosti never inspected the site of the fire, and he reviewed only "very limited" records and photographs. *Id.* at 2, 4. He even refers to his report as merely "preliminary." *Id.* at 2.

From the time Plaintiff filed this lawsuit, it had over eight months before the expert disclosure deadline to provide Agosti with sufficient information and for Agosti to inspect the site of the fire. Neither Plaintiff nor Agosti gives any explanation for why Agosti submitted a report despite his lack of access to sufficient information. The hotel has not been demolished and therefore was available for inspection; however, Agosti never undertook an independent investigation. Agosti states very clearly in his report that his opinions are not based on sufficient facts or data as required by FRE 702(b). Agosti's testimony and written report therefore must be considered unreliable and accordingly excluded from the evidence in this case.

5

## CONCLUSION

For the reasons stated above, the Court should exclude the testimony and written report of John Michael Agosti.

Respectfully submitted, this the 17th day of April, 2015.

           **ADMIRAL INSURANCE COMPANY,**
           Defendant

           HAILEY, MCNAMARA, HALL, LARMANN & PAPALE, LLP

BY:   s/ H. John Gutierrez
        Richard B. Tubertini, MS Bar No. 8290
        Henry John Gutierrez, MS Bar No. 99892
        Stephen A. (Tony) Anderson, MS Bar No. 1593
        HAILEY, MCNAMARA, HALL, LARMANN
         & PAPALE, LLP
        302 Courthouse Road, Suite A
        Gulfport, Mississippi 39507
        Telephone: (228) 896-1144
        Facsimile: (228) 896-1177
        rick.tubertini@hmhlp.com
        john.gutierrez@hmhlp.com
        sanderson@hmhlp.com

## CERTIFICATE

I do hereby certify that I have this date electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such to all counsel of record.

SO CERTIFIED this the 17th day of April, 2015.

s/ H. John Gutierrez<br>
H. JOHN GUTIERREZ