IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAHLI, LLC                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 1:14cv175-KS-MTP

ADMIRAL INSURANCE COMPANY                                     DEFENDANT

## OPINION AND ORDER

This matter is before the Court on the Defendant Admiral Insurance Company's Motion in Limine to Exclude Evidence Suggesting that Admiral Applied the "Preponderance of the Evidence" in Denying Plaintiff's Insurance Claim ("Motion to Exclude Evidentiary Standard") [107], Motion in Limine to Exclude Evidence Relating to Proceeds of Plaintiff's 2010 Insurance Claim and Deepwater Horizon Claim ("Motion to Exclude Evidence of Proceeds") [108], and Motion in Limine to Exclude Evidence of Alternative Arsonist Theories [111].  Also pending before the Court is the Plaintiff Mahli, LLC's Motion *in Limine* to Exclude Testimony and Evidence Relating to the Affidavit of Richard Tubertini ("Motion to Exclude Tubertini") [109].  Having considered the submissions of the parties, the record, and the applicable law, the Court finds as follows:

### *Relevant Background*

This action involves a dispute regarding insurance coverage for a fire loss occurring at the Howard Johnson Hotel (the "Hotel" or "Subject Property") in Ocean Springs, Mississippi, on October 17, 2012.  Mahli, LLC ("Mahli") owned and operated the Hotel at all times relevant to the Complaint.  The Hotel is an insured premises under Policy No. PR000008459-02 (the "Policy"), which Admiral Insurance Company

("Admiral") issued to Mahli.  Mahli filed this action after Admiral denied its claim for

coverage based on the defense of civil arson.  The Complaint seeks a declaratory

judgment to the effect that Admiral breached its contractual obligation to remit proceeds

under the Policy.  The Complaint also asserts several other claims, such as negligence,

gross negligence, and bad faith.  The Court has recently granted Admiral's request for

summary judgment on all of Mahli's claims, except the declaratory judgment/breach of

contract cause of action.

### Admiral's Motion to Exclude Evidentiary Standard [107]

An insurer must prove the following three elements "by *clear and convincing

evidence*" to succeed on a civil arson defense and defeat a claim for coverage:  "(1) an

incendiary fire; (2) motive of the insured to destroy the property; [and] (3) evidence that

the insured had the opportunity to set the fire or to procure its being set by another."

*McGory v. Allstate Ins. Co.*, 527 So. 2d 632, 634-35, 636 (Miss. 1988) (emphasis

added; citations omitted).  At least one document in Admiral's claim file and certain

deposition testimony by Dorothy Keenan, the Admiral representative handling Mahli's

fire loss claim, suggest that Admiral utilized "a preponderance of the evidence standard"

in denying the claim.  (*See* Keenan Dep. [68-11] 66:21-67:16, 70:11-71:23; Claims

Committee Form [68-25] at p. 2.)  Admiral argues that all evidence suggesting it applied

the lesser "preponderance of the evidence" standard should be excluded because it is

irrelevant under Federal Rule of Evidence 401.  Admiral further argues that exclusion is

appropriate under Federal Rule of Evidence 403 because the probative value of the

evidence is outweighed by the danger of unfair prejudice or jury confusion.

Mahli has failed to respond to this request for exclusion.  Further, in ruling on

summary judgment, the Court found that Mahli's breach of duty argument based on

Admiral utilizing the preponderance of the evidence standard failed to justify an award

of extra-contractual damages (based on negligence) or punitive damages (based on

bad faith).  The Court now finds that Admiral's possible reliance on this standard of

proof in denying the claim prior to litigation fails to make any fact of consequence to

Mahli's remaining breach of contract cause of action more or less probable.  *See* Fed.

R. Evid. 401 (providing that evidence is relevant if it tends to make a consequential fact

more or less probable).  Therefore, the evidence is irrelevant and will be excluded.  *See*

Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

### *Admiral's Motion to Exclude Evidence of Proceeds [108]*

Admiral seeks the exclusion of any evidence relating to Mahli's expectations as

of October 17, 2012, that (1) it would receive proceeds from a prior insurance claim and

(2) it would receive funds under the BP/Deepwater Horizon ("BP") settlement.  Admiral

argues that evidence of Mahli's expectation of any future capital infusion constitutes

inadmissible speculation.  Admiral further contends that evidence of "Mahli *eventually*

receiv[ing] additional proceeds *after* October 17, 2012, from either its insurance claim

on the 2010 fire or its Deepwater Horizon claim, is not relevant to the issue of whether

Mahli had motive to set the fire on October 17, 2012, and therefore is inadmissible

under FRE 401."  (Def.'s Mot. to Excl. Evid. of Proceeds [108] at p. 2.)

These grounds for exclusion are not well taken.  Mahli's financial situation is

relevant to the "motive" element of Admiral's civil arson defense.  *See, e.g.*, *GuideOne*

*Mut. Ins. Co. v. Hall*, No. 1:06cv315, 2009 WL 198304, at *1, 3 (N.D. Miss. Jan. 26,

2009); *McGory*, 527 So. 2d at 636.  This defense may be proven circumstantially since

intentional burning is rarely witnessed.  *GuideOne Mut. Ins. Co. v. Rock*, 1:06cv218,

2009 WL 1854452, at *6 (N.D. Miss. June 29, 2009) (citing *McGory*, 527 So. 2d at 634-

35).  Admiral offered the following circumstantial evidence argument in support of

summary judgment:  "Examination of the financial condition of the insured in the months

prior to the fire revealed specific indicators of motive to destroy the insured property,

including unpaid back taxes, late bill payments, and a struggling business."  (Def.'s

Mem. Brief in Supp. of Mot. for SJ [73] at p. 4.)  Mahli's reliance on the existence of

debts or financial sums owed to it in support of the inference that it lacked the financial

motivation to commit arson is no more speculative than Admiral contending that debts

owed by Mahli gave it motive to burn the Subject Property.  Furthermore, proof that

Mahli actually received capital infusions from its prior insurance claim and the BP

settlement makes Mahli's contention that it reasonably expected to receive the infusions

more credible.  *Cf.* Fed. R. Evid. 401.  As a result, Admiral's present objections fail to

warrant a pretrial exclusionary ruling and the subject motion is due to be denied.

Admiral may, nonetheless, assert other or more specific objections as Mahli's proof is

developed at trial.

*Admiral's Motion in Limine to Exclude Evidence of Alternative Arsonist Theories [111]*

Surjit Singh is Mahli's owner and managing member.  Mahli has raised three

theories as to individuals, other than Singh, who may have started the subject fire:  (1)

an individual that started a separate fire at the Hotel during a domestic dispute in  2010;

(2) the mortgagee; and (3) a disgruntled guest that purportedly threatened to blow up

the Hotel in June, July, or August of 2012.  Admiral argues that all three theories should

be excluded as irrelevant to the issue of coverage.  As noted above, civil arson may be

proven circumstantially.  Evidence suggesting that someone other than Singh had a

substantially similar (or greater) opportunity and motive to set fire to the Subject

Property could lead a reasonable jury to reject the inference that Singh is responsible

for the fire loss.  *Cf. Polk v. Dixie Ins. Co.*, 897 F.2d 1346, 1350-51 (5th Cir. 1990)

(providing that there was an adequate showing on the opportunity element where the

insured "was the only one on the scene"), *vacated on other grounds*, 501 U.S. 1201,

111 S. Ct. 2791, 115 L. Ed. 2d 965 (1991); *Reed v. Nationwide Mut. Fire Ins. Co.*, No.

3:06cv365, 2007 WL 3357140, at *2 (S.D. Miss. Nov. 9, 2007) (noting that the plaintiff

conceded the insurer had a legitimate basis for determining that she had the opportunity

to start the fire in part because she was the only one with keys to the home).  Admiral's

defense to coverage would fail and it would be liable on the remaining breach of

contract claim if the jury were to find that someone unconnected to Singh set fire to the

Hotel.  Consequently, Admiral's relevance argument does not warrant the exclusion of

Mahli's alternative arsonist theories.

Admiral also contends Mahli's above-referenced theories are based on pure

speculation and Mahli lacks any evidence connecting the purported perpetrators to the

subject fire.  Moreover, the probative value of each theory is purportedly outweighed by

the Rule 403 dangers of misleading the jury and wasting time.  The Court is not yet in a

position to rule on these objections.  Generally, speculative fact witness testimony

falters under Federal Rule of Evidence 602's personal knowledge requirement.  *See,*

*e.g.*, *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015); 4 Michael H.

Graham, *Handbook of Federal Evidence* § 611:18 (7th ed.).  It is not yet clear what

witnesses or documentary evidence Mahli will use at trial in support of its theories as to

the likelihood of persons other than Singh setting the Hotel on fire.  Once these

particulars are known, the Court should be in a better position to determine if Mahli's

alternative theories constitute fanciful speculation or admissible evidence.  A Rule 403

balancing inquiry, taking into account the probative value of the evidence, would also be

more productive following a determination as to whether Mahli's evidence of other

potential arsonists runs afoul of Rule 602 or any other applicable Federal Rule of

Evidence.  Therefore, this motion will be denied without prejudice to Admiral's ability to

assert specific objections at trial.

<u>*Mahli's Motion to Exclude Tubertini [109]*</u>

Richard Tubertini is one of the attorneys representing Admiral in this litigation.

Tubertini also provided certain legal services to Admiral during its investigation of

Mahli's claim, such as taking Singh's examination under oath ("EUO").  (*See* Keenan

Dep. [68-11] 14:19-15:1, 19:21-20:8; Singh EUO [68-3].)  Admiral submitted an affidavit

executed by Tubertini in support of its opposition to Mahli's request for summary

judgment.  (*See* Tubertini Aff. [85-16].)  Tubertini's affidavit states that he is the primary

person at Hailey McNamara Hall Larmann & Papale, LLP, who provided services to

Admiral.  (*See* Tubertini Aff. [85-16] at ¶ 6.)  The subject affidavit further provides that

Tubertini interviewed or consulted with several individuals concerning Mahli's claim, and

attributes certain statements to those individuals.

Mahli seeks an order precluding Admiral and its attorneys, witnesses, or

representatives "from referencing or attempting to utilize at trial . . . any evidence,

demonstrative evidence, documents, testimony or argument, and from attempting to

solicit any testimony related to or from Richard Tubertini regarding his alleged

investigation and interviews conducted on behalf of Admiral . . . ."  (Pl.'s Mot. to Excl.

Tubertini [109] at p. 1.)  The central thrust of Mahli's motion is that Admiral should not

be allowed to utilize evidence of Tubertini's interviews of key witnesses at trial since

Admiral failed to disclose this information during discovery.  Mahli's legal bases for

exclusion include Federal Rule of Civil Procedure 37(c)(1) (failure to disclose) and

Federal Rules of Evidence 401, 403, and 802.

Admiral's response to the subject motion states that it "does not intend, and has

never intended, to offer Tubertini as a witness at trial, nor does it intend to offer into

evidence at trial the Affidavit of Tubertini submitted during summary judgment briefing."

(Def.'s Resp. in Opp. to Mot. to Excl. Tubertini [116] at ¶ 3.)  The Court will hold Admiral

to these intentions and preclude Tubertini from testifying at trial, either from the witness

stand or through his affidavit.  This ruling only resolves a portion of the subject motion

given the breadth of the above-quoted request for exclusion.

- Whether Admiral Should Be Precluded from Calling the Individuals Identified in Tubertini's Affidavit as Fact Witnesses

Tubertini's affidavit indicates that he interviewed or consulted with the following

individuals on behalf of Admiral:  Bobby Portwood, Christine Moore, Ariel Lampkin,

Donna Demo, and Edwin Robinson.  (*See* Tubertini Aff. [85-16] at ¶ 7.)  These same

persons are identified in Admiral's initial disclosures and interrogatory responses as

possessing knowledge of discoverable information.  (*See* Doc. Nos. [110-3], [110-4].)

Admiral also referenced these individuals in response to an interrogatory seeking the

identification of "all persons contacted and/or interviewed by Admiral . . . or its agent or

representative in connection with this case . . . ."  (Doc. No. [110-4] at p. 8.)  Admiral's

failure to identify Tubertini as the specific agent or representative interviewing Portwood,

Moore, Lampkin, Demo, and Robinson does not negate Admiral's ability to call them as

witnesses at trial.  No unfair surprise or undue prejudice would accrue to Mahli as result

of these witnesses being called to testify since they were timely disclosed during the

course of discovery.

- ●      Whether Admiral Should Be Allowed to Elicit Testimony Indicating that Tubertini Interviewed Portwood, Moore, Lampkin, Demo, and Robinson

Subject to any objections at trial based on relevancy or hearsay, the Court finds

that Admiral should be allowed to identify Tubertini as the person interviewing these

individuals.  Mahli knew of Tubertini's involvement in Admiral's claim investigation prior

to this suit being filed based on several communications between counsel for the parties

and Tubertini taking Singh's EUO.  (*See* Doc. Nos. [85-18], [85-20], [85-23], [116-7];

Singh EUO [68-3].)  Mahli's summary judgment briefing even conceded that Admiral

relied on its counsel's communications with others, such as the Bureau of Alcohol,

Tobacco, Firearms and Explosives ("ATF"), as part of its investigation.  "It should be

noted that Admiral relied extensively on coverage counsel's conversations with the ATF,

who, nearly three full years after the fire, still has not made an arrest in this case."  (Pl.'s

Mem. in Supp. of Mot. for SJ [69] at p. 25 n.17.)  Further, as noted above, Admiral's

interrogatory responses indicate that its agents or representatives "contacted and/or

interviewed" Portwood, Moore, Lampkin, Demo, and Robinson.  (*See* Doc. No. [110-4]

at p. 8.)  Given these circumstances and the fact that almost all of Admiral's filings in

this case include Tubertini's name and contact information, Admiral's failure to identify

Tubertini as an investigator or interviewer during discovery "amounts to harmless error."

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 564 (5th Cir. 2004).

● Whether Admiral Should Be Allowed to Present Evidence of the Substance of Tubertini's Interviews or Communications with Portwood, Moore, Lampkin, Demo, and Robinson

Mahli's interrogatories sought the "information gained, confirmed, or resulting from . . . [Admiral's] investigation," including the content of any oral statements given by Mahli's employees, guests, or business associates. (Doc. No. [110-4] at pp. 3, 7-8.) Admiral's responses asserted objections based on the attorney-client privilege and/or work-product doctrine. The responses did not list or describe the statements attributed to Portwood, Moore, Lampkin, Demo, and Robinson in Tubertini's affidavit.

Neither the attorney-client privilege nor work-product doctrine is designed to be used as a shield *and* a sword. *See Liberty Mut. Ins. Co. v. Tedford*, 644 F. Supp. 2d 753, 763-64 (N.D. Miss. 2009). "[A] party may not use privileged information both offensively and defensively at the same time." *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005); *accord Jackson Med. Clinic for Women, P.A. v. Moore*, 836 So. 2d 767, 773 (¶ 22) (Miss. 2003) (holding that fairness precluded a litigant from using the attorney-client privilege as both a sword and shield). The Court finds that it would be patently unfair for Admiral to hide the substance of Portwood, Moore, Lampkin, Demo, and Robinson's statements to Tubertini behind the attorney-client privilege or work-product doctrine during discovery, and to allow Admiral to use the statements against Mahli at trial.[1] Even assuming, *arguendo*, that the result of Admiral's failure to

---

[1] The Court did not rely upon Tubertini's descriptions of these individuals' statements in partially granting summary judgment in favor of Admiral. For example, the Court resolved "the discrepancy between Keenan's deposition testimony and Tubertini's affidavit regarding Admiral's interview of Moore *vel non* in favor of Mahli for summary

disclose could be considered harmless, the Court disapproves of this litigation tactic. *Cf. Bright Harvest Sweet Potato Co. v. H.J. Heinz Co.*, No. 1:13cv296, 2015 WL 1020644, at *1 (D. Idaho Mar. 9, 2015) (precluding a party from introducing e-mails at trial that it previously claimed were subject to the attorney-client privilege); *United States v. Duke Energy Corp.*, 208 F.R.D. 553, 558 (M.D.N.C. 2002) ("A party may not use a privilege (or work product) as a shield during discovery and then hammer it into a sword for use at the trial.") (citation omitted). Therefore, Admiral will be precluded from presenting testimony or introducing documents into evidence that detail Tubertini's communications with Portwood, Moore, Lampkin, Demo, and Robinson.[2]

Any of Mahli's objections not specifically addressed above may be reasserted at trial. The Court should be in a better position to rule on any remaining objections once they are attached to specific testimony or exhibits. For now, Mahli's motion will be granted in part and denied in part.

## *Conclusion*

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant's Motion to Exclude Evidentiary Standard [107] is granted and the Plaintiff is prohibited from introducing evidence at trial that indicates or suggests that Admiral applied a "preponderance of the evidence" standard in denying the subject insurance claim.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant's Motion to

---

judgment purposes." (Mem. Op. & Order at p. 48 n.27.)

[2] Notwithstanding the foregoing, Portwood, Moore, Lampkin, Demo, and Robinson will be permitted to testify as to the facts underlying their communications with Admiral's counsel. These individuals were timely identified during discovery and Tubertini's interviews do not negate their knowledge of potentially relevant information.

Exclude Evidence of Proceeds [108] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion to Exclude Tubertini [109] is granted in part and denied in part. The motion is granted to the extent that: (1) Richard Tubertini will not be permitted to testify at trial; (2) Richard Tubertini's affidavit, Doc. No. [85-16], will not be introduced into evidence at trial; and (3) the Defendant will not be permitted to present witness testimony or documentary evidence detailing Richard Tubertini's communications with Bobby Portwood, Christine Moore, Ariel Lampkin, Donna Demo, and Edwin Robinson. The motion is otherwise denied without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant's Motion in Limine to Exclude Evidence of Alternative Arsonist Theories [111] is denied without prejudice.

SO ORDERED AND ADJUDGED this the 25th day of August, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE