IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MAHLI, LLC**                                                                                                              **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 1:14-CV-175-KS-MTP**

**ADMIRAL INSURANCE COMPANY**                                                                    **DEFENDANT**

**AMENDED FINAL JUDGMENT ON JURY VERDICT**

     This cause coming on to be heard in open court on September 8, 2015 - September 11, 2015, and the Court having jurisdiction of the parties and the subject matter, and all parties having previously appeared and by counsel announced ready for trial, there came a jury of eight good and lawful men and women, who, being duly qualified, sworn and empaneled, and did hear the evidence and arguments of counsel and received instructions of the Court and who then retired to consider their verdict, and who thereupon returned its answers to special interrogatories, and its verdict. Specifically, the jury answered the special interrogatories as follows:

    1.    Do you find by clear and convincing evidence that Plaintiff Mahli, LLC, or its owner Surjit Singh, had motive to destroy its hotel property by means of a fire on October 17, 2012?

          Answer: No

    3.    Do you find from a preponderance of the evidence that the building in question was a total loss (the cost of repair exceeded the replacement cost, minus the cost of the foundation) immediately following the subject fire?

          Answer: Yes

    3.a.    If you answered "Yes" to Question #3 and find that the building was a total loss,

      how much money, if paid now, would adequately compensate the Plaintiff for the total loss of the building?

      Answer: Damages: $60,000.00

4.    Do you find from a preponderance of evidence that Plaintiff Mahli, LLC, suffered damages from the loss of business personal property (furniture and other contents)?

      Answer: Yes

4.a.    If you answered "Yes" to Question #5 (corrected by the jury to 4), how much money, if paid now, would adequately compensate the Plaintiff for the damages to its business personal property, if any?

      Answer: Damages: $400,000.00

The Court examined the jury's answers to the special interrogatories and the verdict forms and found them to be in proper order.

The Court finds, however, that prejudgment interest is not appropriate in this case. Mahli's arguments under *Ensley v. Cody Resources, Inc.*, are misplaced. 171 F.3d 315 (5th Circuit 1999). The Fifth Circuit in *Ensley* was called on to interpret whether an award of prejudgment interest was available under Texas law. *See id.* at 321-22. This case is controlled by Mississippi law.

Under Mississippi law, prejudgment interest is only allowed in cases where the amount due is liquidated, that is, where the amount due is fixed prior to judgment, unless denial of the claim is found to be frivolous or in bad faith. *Coho Res., Inc. v. McCarthy*, 829 So.2d 1, 19-20 (Miss. 2002) (quoting *Warwick v. Matheney*, 603 So.2d 330, 342 (Miss. 1992)). There has been no finding that the denial of Mahli's claim was frivolous or in bad faith. Furthermore, the only

amounts submitted to Admiral prior to the filing of Mahli's claims were the policy limits of $4 million for the building and $400,000 for the business personal property.  (*See* Property Loss Notice [171-4].)  The fact that the jury found that Mahli was entitled to the full amount of the policy for its business personal property loss does not mean that this amount was liquidated prior to judgment.  With no estimate given prior to the commencement of this action, the Court cannot say the $400,000 for loss of business personal property was a fixed amount anymore than it can find that the $4 million was a fixed amount for the building.  Rather, the $400,000 was the limit on the amount of damages the jury could award.  Since there was no amount fixed at the time, the amount due was not liquidated when the claim was made.  *See Coho Res.*, 829 So.2d at 19-20 (quoting *Warwick*, 603 So.2d at 342).

While Mahli is correct that the Mississippi Supreme Court has held that prejudgment interest can be available on unliquidated claims, it has held that "[s]uch allowances are not of interest *eo nomine* but as added compensation."  *Warwick*, 603 So.2d at 342-343 (quoting *State Highway Comm'n v. Wunderlich*, 194 Miss. 119, 11 So.2d 437, 438 (Miss. 1943)) (alteration in the original), *overruled on other grounds by Bus. Commc'ns, Inc. v. Banks*, 90 So.3d 1221 (Miss. 2012).  The awarding of added compensation, however, would result in an additur, which this Court is constitutionally barred from awarding.  *See Dimick v. Schiedt*, 293 U.S. 474, 486-487, 55 S. Ct. 296, 301, 79 L.Ed. 603 (1935) (rejecting additur as unconstititional).

Therefore, because its claim was unliquidated, the Court cannot grant Mahli prejudgment interest under Mississippi law.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the insurance coverage at issue was in effect and covered the fire that was suffered by Mahli, LLC, and that Mahli, LLC shall have judgment against Admiral Insurance Company for the coverages under subject policy,

including the following:

    (1)    For Mahli, LLC in the sum of $60,000.00 for damage to the hotel building.

    (2)    For Mahli, LLC in the sum of $400,000.00 for damage to the business personal property.

IT IS FURTHER ORDERED that Mahli, LLC shall not be awarded prejudgment interest.

IT IS, THEREFORE, ORDERED that from the date of entry of the finding of the verdict, being September 15, 2015, interest shall accrue at the rate of .36 percent per annum.

IT IS FURTHER ORDERED that Mahli, LLC shall recover from Admiral Insurance Company their costs as may be taxed.

FOR ALL OF WHICH LET EXECUTION ISSUE.

SO ORDERED, this the 11th day of December, 2015, *nunc pro tunc* to the 11th day of September 2015.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE