**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MAHLI, LLC**                                                                                                      **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:14-CV-175-KS-MTP**

**ADMIRAL INSURANCE COMPANY**                                      **DEFENDANT**

**ORDER**

This matter is before the Court on its own *sua sponte* Order to Show Cause [189], directing attorneys for Plaintiff Mahli, LLC, ("Plaintiff") to show cause why they should not be sanctioned for filing their untimely Bill of Costs [187] without leave from this Court. After considering the Response [192] filed by Plaintiff's attorneys, the Court finds that sanctions are not appropriate under Federal Rule of Civil Procedure 11.

On November 10, 2015, Plaintiff's attorneys filed their Motion for Leave to File Untimely Bill of Costs ("Motion for Leave") [181], in recognition of the fact that their deadline to file their bill of costs had expired on October 25, 2015, pursuant to Local Uniform Civil Rule 54(c). Defendant Admiral Insurance Company filed its Response in Opposition [184] on November 23, 2015, and Plaintiff's attorneys submitted their Rebuttal [186] on December 7, 2015, again recognizing that, despite their arguments, the Court could still find the bill of costs to be untimely and requesting the Court exercise its discretion to allow such a filing. (Rebuttal [184] at p. 2.) On December 8, 2015, before the Court could rule on the Motion for Leave [181], Plaintiff's attorneys filed their Bill of Costs [187] without leave from this Court. The Motion for Leave [181] has since been denied. Because of this denial, the Court issued its Order to Show Cause [189] as to why Plaintiff's attorneys should not be sanctioned.

Plaintiff's attorneys claim that they filed their Bill of Costs [187] in good faith under the

belief that their post-trial motions tolled the deadline to file such a bill.  They further contend that their Motion for Leave [181] was only submitted in an abundance of caution.  Plaintiff's attorneys claim that their reading of case law led them to reasonably believe that their Bill of Costs [187] would not be untimely.  The Court has since held that this reading of case law was "patently wrong."  (Order [188] at p. 2.)

Rule 11 places three affirmative duties on attorneys when filing a document with the Court: 1) to conduct a reasonable inquiry into the facts supporting the document, 2) to conduct a reasonable inquiry into the law, and 3) to not file the document with the purpose to delay, harass, or increase the costs of litigation.  *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873-74 (1988).  There is no evidence that Plaintiff's attorneys had any improper purpose to delay, harass, or increase the costs of litigation.  Furthermore, from the record, the Court cannot say that Plaintiff's attorneys did not conduct a reasonable inquiry into both of the facts and the law surrounding their filing of their Bill of Costs [187].  Plaintiff's attorneys certainly conducted a reasonable inquiry into the law, as they cited numerous times the case law the Court relied on in ruling on the Motion for Leave [181].  (*See* Rebuttal [186] at pp. 2-3; Order [188] at pp. 2-4 (citing *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002).)  It was their reading of the law, though, that the Court found to be "patently wrong."  (Order [188] at p. 2.)  However, because Rule 11 does not make this type of deficiency sanctionable, the Court finds that sanctions are not appropriate and will therefore decline to impose them on Plaintiff's attorneys.

SO ORDERED AND ADJUDGED this the 5th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE